**IT IS ORDERED as set forth below:**



**Date: June 28, 2019**

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re:<br>**PAMELA GAY FLOYD,**<br><br>                    Debtor. | CHAPTER **13**<br><br>CASE NO. **17-50637-PWB** |
| **NATIONSTAR MORTGAGE LLC,**<br><br>                    Movant,<br>V.<br><br>**PAMELA GAY FLOYD**<br>*aka Pamela Gay Sullivan,* **Debtor**, and<br>**MARY IDA TOWNSON**, Trustee,<br>                    Respondents. | CONTESTED MATTER |

**ORDER DENYING MOTION FOR RELIEF**

This matter arose upon the Motion of Nationstar Mortgage LLC, its successors or assigns, (hereinafter referred to as "Movant"), for Relief from the Stay of 11 U.S.C. § 362 filed on April 30, 2019 (Doc No. 44), scheduled by Movant for hearing on June 5, 2019 and upon notice which Movant contends was given to all parties in interest.  For the purposes of this hearing, Debtor and Movant stipulate the following:

Movant contends it has a valid, binding and perfected security interest in 5514 Platte Drive, Ellenwood, GA 30294, (hereinafter referred to as "Collateral"); Movant holds a secured claim in the Collateral in the original amount of $127,645.00 pursuant to a Note, secured by a Deed to Secure Debt, dated July 23, 2009, as recorded and more particularly described in public records at Deed Book 9682, Page 526, DeKalb County Records; At the time the Motion for Relief was filed, Debtor was behind in the post-petition mortgage payments to Movant.

The post-petition arrearage through June 5, 2019, totals $4,604.24, consisting of the monthly payments of March 1, 2019 through June 1, 2019 payments at $1,027.56 each, attorney fees and costs in the amount of $1,031.00, and less the suspense balance in the amount of $537.00.

Movant claims it is not now adequately protected, but Debtor asserts the Collateral is necessary for Debtor's rehabilitation. Accordingly, from the foregoing stipulations, the parties agree that:

1. The amount of post-petition arrearage owed by Debtor as of June 5, 2019 is $4,604.24, and it shall be paid as set forth below;

    A. Debtor shall pay directly to Nationstar Mortgage LLC *instanter* in the amount of $2,055.12.

    B. The balance of said post-petition arrearage ($2,549.12) shall be paid in nine (9) monthly payments, made up of eight (8) monthly stipulated payments in the amount of $283.24 beginning July 15, 2019, with the nineth (9th) and final stipulated payment, in the amount of $283.20 due March 15, 2020. Debtor's regular monthly mortgage payments shall resume with the payment due July 1, 2019. Payment shall be sent to: **Nationstar Mortgage LLC, P.O. Box 619094,**

**Dallas, TX 75261-9741**. In the event that the regular monthly mortgage payment changes, Debtor shall pay the modified payment amount on the first (1st) of each month.

2. Upon delinquency by Debtor in the payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Note and Deed for a period of eighteen (18) months from the first payment owed under this Order, or if before the expiration of the strict compliance period Debtor is discharged or this bankruptcy proceeding is dismissed or converted to another chapter under the Code, Movant may be permitted to recover and dispose of the Collateral pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order modifying the automatic stay of 11 U.S.C. § 362 in the following manner:

A. Counsel for Movant shall serve both Debtor and Debtor's counsel of record with written notice of the specific facts of the delinquency (the "Delinquency Notice"); said notice may be contained in a letter but shall

   (1) state that Debtor may cure the delinquency within ten (10) calendar days of receipt of said notice in certified funds, and

   (2) shall specifically provide the correct street address for mailing and delivering such payment; Pursuant to this Order, Debtor shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Movant; provided, however, that

   (a) the Delinquency Notice is properly addressed to Debtor at the address set forth on the Docket, unless Movant or Counsel for Movant receives notice in writing of a change in Debtor's address within a reasonable time prior to the mailing of the Delinquency Notice; and

   (b) the Delinquency Notice is not returned to Counsel for Movant by the U.S. Postal Service as undeliverable by reason of improper address.

B. If Debtor fails to cure the delinquency within ten (10) days of receipt of said written notice, Counsel for Movant may present to the Court, after service on both the Debtor and Debtor's counsel:

  (1) a motion, which must contain allegations of the specific facts of the delinquency; provided, however, that, instead of alleging the facts of the delinquency in the motion, the motion may be accompanied by an affidavit from Movant setting forth the specific facts of the delinquency;

  (2) a copy of the Delinquency Notice;

  (3) Upon the filing of said Delinquency Motion the Court may enter an order modifying the stay as to the Property, without further hearing.

  (4) In the event relief from the automatic is later granted, the Trustee shall cease funding any balance of Movant's claim and the provisions of Fed. R. P. 4001 (a)(3) may be waived.

(5) Upon completion any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable state law, that would otherwise be payable to the Debtor shall be paid to the Trustee while the Debtor is in bankruptcy for the benefit of the estate.

By consent, therefore, it is hereby

ORDERED that Motion is denied and the agreement of the Movant and Debtor as set forth above is *approved.*

### END OF DOCUMENT

Prepared by:

/s/Taylor S. Mansell

Taylor S. Mansell
Georgia Bar No. 940461
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346
(770) 220-2535
tmansell@LOGS.com
**Attorney for Movant**

Read and Approved by:

/s/Celia Washington

Celia Washington
Georgia Bar No. 044108
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341
(404) 522-5555
**Attorney for Debtor**

No Opposition:

/s/ Brandi Kirkland

Brandi Kirkland, Staff Attorney
Georgia Bar No. 423627
Mary Ida Townson
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740
(404) 525-1110
**Attorney for Chapter 13 Trustee**

## **DISTRIBUTION LIST**

Pamela Gay Floyd
5514 Platte Drive
Ellenwood, GA 30294

E. L. Clark
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740

Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346